IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HORIZON AG PRODUCTS, INC.,
TIERRA RESOURCES, L.L.C.,
BIO SYSTEMS USA, L.L.C.,
MICHAEL FARMAR, BRADLEY
KNICKEL, DARRYL KING, and
KENNETH DAY,

    Plaintiffs,

vs.                                                  CIV. No. 00-521 JP/WWD

ANTHONY FILYK, d/b/a TIERRA
RESOURCES,

    Defendant.

### FINDINGS AND CONCLUSIONS

On May 30, 2000 a hearing on Plaintiffs' "Application for Preliminary Injunction" (Doc. No. 3) began. That hearing concluded on June 2, 2000 at which time I stated on the record that Plaintiffs' motion was denied.

As indicated at the hearing, I applied the factors identified in Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980), as weighted by SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098-99 (10th Cir. 1991). Specifically, I found that Plaintiffs' motion fell within two of the three categories the Tenth Circuit identified in SCFC ILC as "disfavored." Plaintiffs, through their application for preliminary injunction, sought to (1) disturb the status quo and (2) afford themselves substantially all the relief they may recover following trial on the merits. Accordingly,

Plaintiffs had a burden of showing that the four Lundgrin factors "weighed heavily and compellingly" in their favor.

I found that Plaintiffs failed to show that at least two of the Lundgrin factors weighed heavily and compellingly in their favor. First, Plaintiffs failed to show a substantial likelihood that they will ultimately prevail on the merits. Before and during the hearing the parties resolved, in Plaintiffs' favor, disputes concerning three of the four behaviors Plaintiffs sought to have enjoined. The only remaining issue with respect to the application for a preliminary injunction was whether Defendant should be enjoined from using the Tierra Resources name during the pendency of this action. Thus, much of Plaintiffs' multi-claim complaint is now moot. Although it is not entirely clear, it appears that the merits of only three of Plaintiffs' claims remain unresolved: (1) claims under the New Mexico Unfair Trade Practices Act, (2) Plaintiffs' claim for common law trade name infringement, and (3) perhaps a claim under the Lanham Act.[1] Plaintiffs failed to show under the heavier burden that applies to their disfavored motion that they were substantially likely to prevail on the merits of any of these.

Plaintiffs' complaint does not identify under which of the numerous and detailed subsections of the Unfair Trade Practices Act they bring suit. See NMSA § 57-12-2. With respect to Defendant's use of the Tierra Resources name, Plaintiffs can only make colorable claims under subsections (2), (3) and/or (5), which can be read to proscribe false representations of a business name. In that regard, Plaintiffs offered testimony that some individuals were uncertain of Defendant's continued affiliation with Horizon Ag or Tierra Resources, L.L.C.

---

[1] Plaintiffs' complaint does not identify under which portions of the lengthy Lanham Act they make claims, nor is there any evidence that the Tierra Resources, L.L.C. name or mark is registered. See Prime Media, Inc. v. Primedia, Inc., 33 F. Supp. 2d 932, 937 (D. Kan.1998).

because of his use of the name "Tierra Resources" in marketing humate products, and the materials with which he marketed these products, after he left employment with Tierra Resources, L.L.C. It was undisputed that Plaintiffs never marketed humate products under the Tierra Resources name. Defendant countered Plaintiffs' evidence with testimony that he endeavored to keep separate his business from Plaintiffs' in the minds of others.

To the extent the Unfair Trade Practices Act, as well as the Lanham Act, proscribes confusion, the facts here also fell short of demonstrating a substantial likelihood that Plaintiffs would prevail. See NMSA § 57-12-2(3) (penalizing "causing confusion or misunderstanding"); 15 U.S.C. 1125(a) § (making liable persons who use trade names which are "likely to cause confusion"). Again as noted, the evidence on this point was contradictory and not so strong as to indicate a substantial likelihood of success on the merits. Moreover, it was unclear from the testimony whether any confusion about Tierra Resources, Inc. was primarily attributable to Defendant's use of the Tierra Resources name or simply resulted from the fact that Defendant was no longer employed by Plaintiffs.

There was also evidence that Plaintiffs abandoned their use of the Tierra Resources name. Abandonment would be a defense to the merits of a Lanham Act claim (see 15 U.S.C. § 1115), the common law trade name claim, (see 6 Fletcher Cyclopedia of Corporations § 2440.10 (1996)), and presumably any other claims stemming from alleged trade name infringement. Plaintiff King testified that the mission of Tierra Resources L.L.C. and its only employee was by April 1999, and perhaps sooner, no longer one desired by Plaintiffs. Plaintiffs fired Defendant and "tabled" the business purpose of Tierra Resources, Inc. Tierra Resources, Inc. let lapse its corporate registration in Nevada. Defendant then canceled the name registration of Tierra

3

Resources, L.L.C. in New Mexico and incorporated Tierra Resources, Inc. While a fact-finder could perhaps conclude that the New Mexico cancellation occurred under nefarious circumstances, a fact-finder could also perhaps conclude that by that time Tierra Resources had already abandoned its name. In sum, the evidence did not demonstrate that the first <u>Lundgrin</u> factor (that Plaintiffs were substantially likely to prevail on the merits of their remaining claims concerning the use of the Tierra Resources name) weighed heavily and compellingly in Plaintiffs' favor so as to entitle them to extraordinary and disfavored injunctive relief.

Likewise, the evidence did not show that the third <u>Lundgrin</u> factor (that the threatened injury to Plaintiffs outweighed whatever damage the proposed injunction would cause the Defendant) weighed heavily and compellingly in Plaintiffs' favor. Plaintiffs cited <u>Country Kids 'N City Slicks, Inc. v. Sheen</u>, 77 F.3d 1280 (10th Cir. 1996) for the proposition that injury to them is presumed, such that the second <u>Lundgrin</u> factor (irreparable injury) is met when the first <u>Lundgrin</u> factor (substantial likelihood of success on the merits) is met. It does appear that this presumption should apply in trade name cases such as this where the alleged injury is to the intangible assets of goodwill and reputation. <u>See</u> <u>Prime Media, Inc. v. Primedia, Inc</u>. 33 F. Supp. 2d 932, 939 (D. Kan. 1998) (citing <u>Amoco Oil Co. v. Rainbow Snow, Inc.</u>, 809 F.2d 656, 663-63 (10th Cir. 1987)). However, as noted, Plaintiffs did not meet the first <u>Lundgrin</u> factor and were, therefore, not apparently entitled to a presumption of irreparable injury.

Even if Plaintiffs had demonstrated injury (presumed or directly proven) the evidence did not support a finding, under the heightened standard, that such injury outweighed the damage the proposed injunction may cause the opposing party, so as to satisfy the third <u>Lundgrin</u> factor. Defendant is in the business of marketing humate products; Plaintiff Tierra Resources L.L.C. was

4

a potential future developer of humate sources. The facts show that the two were in the same industry but clearly in different parts of that industry in different capacities. Equally clearly, Plaintiff Tierra Resources, L.L.C. and Defendant were and are not in competition as to the marketing of humate products. Plaintiff Tierra Resources, L.L.C. further had not conducted any business, had not disseminated its name among potential clients or partners, and arguably ceased to exist prior to the time Defendant went into the humate products sales business. Still further, Plaintiff Tierra Resources, L.L.C. had incurred at least one debt on which it may have been delinquent, calling into doubt the existence and or value of goodwill in the name Tierra Resources, L.L.C. In sum, there appeared to be little actual or presumed injury to Plaintiff Tierra Resources, L.L.C.

The bulk of any injury to any Plaintiff appeared to accrue to Plaintiff Horizon Ag Products, Inc. Horizon Ag is owned by the same or largely the same principals who own Tierra Resources, L.L.C. However, Horizon Ag is, as a result of its separate corporate formation, distinct from Plaintiff Tierra Resources, L.L.C. Accordingly, it is questionable whether, contrary to Plaintiffs' assertions, Horizon Ag can assert the claims remaining in this case. However, even if Horizon Ag can prosecute the case under the stated causes of action against Defendant, its injuries do not appear to outweigh those of Defendant. The only apparent harm to Plaintiff Horizon Ag as a result of Defendant's endeavors was the economic loss of one humate sale. In contrast, Defendant testified that he would be devastated by the name change. To be sure, Defendant appeared to have a penchant for hyperbole. However, the facts indicate that Defendant is the more heavily invested in the Tierra Resources name. Defendant has worked actively to make the Tierra Resources, Inc. name known and successful, and he testified that he

5

had succeeded in that regard. Defendant additionally presented unrebutted evidence that a name change of a fledgling business in the relatively new humate fertilizer conditioner industry could have harsh consequences. Based on the facts presented, I could not find that balance of the hardships weighed in Plaintiffs' favor under the applicable legal standard.

IT IS THEREFORE ORDERED THAT Plaintiffs' application for a preliminary injunction to enjoin Defendant from using the name "Tierra Resources, Inc." before final resolution of this issue at a trial on the merits is denied.

_____
**UNITED STATES DISTRICT JUDGE**