IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HORIZON AG PRODUCTS, INC., TIERRA
RESOURCES, L.L.C., BIO SYSTEMS USA,
L.L.C., MICHAEL FARMER, BRADLEY
KNICKEL, DARRYL KING and KENNETH DAY,

    Plaintiffs,

vs.                                                                                             Civ. No. 00-521 JP/WWD

ANTHONY FILYK d/b/a TIERRA RESOURCES,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Plaintiffs' Motion to Compel Compliance with Previous Agreement to Produce Documents [32].

*Background*

    Plaintiffs' application for preliminary injunction, which was filed along with its complaint on February 12, 2000, came before the Court for hearing on May 30, 2000.  Plaintiffs sought to enjoy Defendant Filyk's misappropriation of Plaintiffs' trade secrets and Plaintiffs also sought the return of proprietary information which Defendant Filyk had gathered during his employment for Tierra Resources, L.L.C.  At a hearing held before the Honorable James A. Parker on May 31, 2000, at page 3 of the transcript, the following exchange occurred, to wit:

> MR. KELEHER:  ... Yesterday we reached an agreement, on the record before Your Honor, that the proprietary information will be returned and Mr. Cadigan and I would bring any disputes regarding whether proprietary information was indeed, if we got down to specific pieces of information that we couldn't agree

whether it should be returned or not we would bring that back to you. I want to make sure; is that right?

MR. CADIGAN: Anything that is still in our possession that has been paid for, yes.

MR. KELEHER: And the property that hasn't, that has allegedly not been reimbursed for still would not be distributed?

MR. CADIGAN: Right; we won't disseminate it beyond our own company.

Notwithstanding the foregoing pronouncements made in front of Judge Parker, on July 5, 2000, in a letter of Plaintiffs' counsel, defense counsel stated the following, to wit:

> With regard to materials owned by Horizon Ag, e.g. marketing materials, technical data, etc., all copies have been given to others or thrown away, except those retained in litigation files as evidence. With regard to Tierra Resources, LLC materials, which I understand consist primarily of maps and assays, we would like to handle the return of those materials as part of a global settlement of this case. That way, mutual releases can be exchanged along with the materials. I look forward to reviewing your client's settlement proposal.

In a letter dated July 6, 2000, defense counsel was advised by Plaintiffs' counsel of the agreement contained in the above quoted hearing transcript. It was also advised that retention of the documents sought will "undoubtedly adversely effect the chances of a mediated resolution of this case." Plaintiffs' counsel also indicated that they would file a motion to compel seeking sanctions if Defendant continued to refuse to return the documents. This motion followed.

*Discussion*

There is no way to reconcile Defendant's representations to the Court and his subsequent refusal to carry through on those representations. Defendant's response to Plaintiffs' motion to compel is lame; and any delivery of documents, which occurred after service of the motion to compel, was late. Plaintiffs' motion to compel is well taken and it will be granted. Imposition of sanctions against Defendant is, in the circumstances presented, entirely appropriate. I find that

reasonable attorney fees for the work involved in connection with the motion to compel would be $500.00.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Compel Compliance with Previous Agreement to Produce Documents be, and it is hereby, GRANTED in its entirety.

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiffs as reimbursement for reasonable attorney fees the sum of $500.00, and that such payment shall be made within ten (10) days of the entry of this order.

_____
UNITED STATES MAGISTRATE JUDGE